UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/Respondent,<br><br>v.<br><br>MARVIN DARRYL MCCALEB,<br><br>　　　　　Defendant/Petitioner. | No. CV 10-4313 CBM<br>　(CR 03-0849 CBM)<br><br>**ORDER AND FINDINGS OF FACT<br>AND CONCLUSIONS OF LAW** |

　　　The matter before the Court is Petitioner's Ineffective Assistance of Counsel Claim under 28 U.S.C. §2255. The Court held evidentiary hearings on November 1 and November 20, 2012.

## JURISDICTION

　　　This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2255.

## FACTUAL AND PROCEDURAL BACKGROUND

　　　Petitioner Marvin Darryl McCaleb (hereinafter "Petitioner") was convicted after a jury trial of two federal drug offenses on April 26, 2005. (CR 03-849

1

CBM-1 Docket Nos. 281, 284, 367, 368; Gov't Opp'n to Def.'s Mot. for Relief Pursuant to 28 U.S.C. § 2255 ("Gov't Opp'n") at 18:15–19, CV 10-4313, Docket No. 15.) Petitioner was sentenced to a term of life imprisonment on June 26, 2006. [CR 03-849 CBM-1 Docket No. 379.]

Petitioner was initially represented by court-appointed attorney Dominic Cantalupo [CR 03-849 CBM-1 Docket No. 50], who was later replaced due to a conflict of interest by court-appointed attorney Yolanda Barrera. [CR 03-849 CBM-1 Docket No. 137.] Barrera was replaced due to a conflict of interest by court-appointed attorney Ken Behzadi. [CR 03-849 CBM-1 Docket No. 144.] Behzadi was replaced by retained attorney Michael Evans. [CR 03-849 CBM-1 Docket No. 193.] Evans was Petitioner's counsel at trial. [CR 03-849 CBM-1 Docket Nos. 195, 239.]

After his conviction and sentencing, Petitioner appealed, and on January 13, 2009, the Ninth Circuit affirmed Petitioner's conviction. [CR 03-849 CBM-1 Docket No. 431] On appeal, Petitioner was represented by court-appointed attorney Verna Wefald. [CR 03-849 CBM-1 Docket No. 438.]

On June 11, 2010, Petitioner filed his 28 U.S.C. § 2255 petition, asserting twelve grounds of relief, mostly related to ineffective assistance of counsel. (Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Mot. to Vacate") at 1.) [CV 10-4313 Docket No. 1.] On February 14, 2011, Petitioner filed a Motion for a Hearing re: Judicial Notice of Newly Discovered Evidence, arguing that the transcript of a June 3, 2004 status conference constituted newly discovered evidence of a written plea agreement and required an evidentiary hearing. [CV 10-4313, Docket No. 21.] Petitioner argued that he was unaware of the transcript until he received Mr. Cantalupo's interrogatory responses on January 14, 2011. (*Id.*) The transcript reflects a status conference on June 3, 2004 regarding Petitioner's requests for new counsel. (*Id.*) During the status conference, Mr. Cantalupo referred to a written plea agreement and the

2

Court questioned Petitioner about the written plea agreement. (*Id.*) The Government filed its response to Petitioner's motion on February 23, 2011. [CV 10-4313, Docket No. 23.] On April 19, 2011, Petitioner filed a Motion for Leave to Supplement The 2255 Based on Newly Discovered Evidence, arguing again that the June 3, 2004 transcript constituted newly discovered evidence and required an evidentiary hearing. [CV 10-4313 Docket No. 25.]

The Court granted Petitioner's Motion for Leave to Supplement the 2255 but denied Petitioner's request to hold an evidentiary hearing based on the June 3, 2004 transcript, finding that the transcript was not newly discovered evidence because the transcript was part of the record in the case. [CV 10-4313 Docket Nos. 21, 25, 28.] The Court denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 except for the sole issue of "Claim L-12." [CV 10-4313 Docket Nos. 1, 28.] The Court granted an evidentiary hearing on the sole issue of "Claim L-12," Petitioner's claim that trial counsel was ineffective for giving erroneous legal advice. [CV 10-4313 Docket No. 28.] "Claim L-12" alleges Petitioner's trial counsel Mr. Evans erroneously told him that one of Petitioner's prior convictions would not count for sentencing purposes and so Petitioner was not facing the possibility of a mandatory life sentence. (Mot. to Vacate at 57.) But for the erroneous advice, Petitioner would have entered a guilty plea rather than proceeding to trial. (*Id.*)

At the November 1, 2012 evidentiary hearing, Petitioner clarified that his "Claim L-12" was summarized in Paragraph 3 of the Declaration of Marvin Darryl McCaleb attached to the Petition. (Nov. 1, 2012 Tr. at 14.) In his Declaration, Petitioner states "[i]f correctly advised by Mr. Evans that if convicted I would be sentenced to a mandatory life in prison, I would have accepted the offer of pleading open to the court and the government dismissing the information filed under section 851. But for the error of the unreliable advice about the prior not being counted for sentencing, I would never have gone to trial knowing if

3

convicted I would be sentenced to mandatory life in prison. I would have pleaded guilty to both counts of the ind[i]ctment." (CV 10-4313 Docket No. 1)

Following the evidentiary hearing, the Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT

1. Petitioner was charged in two counts of the First Superseding Indictment on November 23, 2004. Count 1 charged Petitioner with being a member of a PCP conspiracy involving more than 100 grams of pure PCP, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Count 2 charged illegal possession of a listed chemical, in violation of 21 U.S.C. § 841(c)(2). (Gov't's Sentencing Position re Defendant Marvin McCaleb; 03-849 Docket No. 330.) Petitioner was charged as a "principal" pursuant to 18 U.S.C. § 2(a).

2. The Government filed a 21 U.S.C § 851(a)(1) information charging that Petitioner had two prior felony drug convictions, both of which were final. (Ex. 12; CR 03-849 CBM-1 Docket No. 330 at 14; CR 03-849 CBM-1 Docket No. 378.)

3. Five other defendants were charged in the First Superseding Indictment. [CR 03-849 CBM-1 Docket Nos. 168, 330.] Out of these five other defendants, Timothy Holloway, Donna McCaleb, and Gerald Harris ultimately signed plea agreements. (Exs. 13, 14, 15.) Defendant Charles Lett changed his plea to guilty but it is unclear from the record whether he signed a plea agreement. [CR 03-849-CBM-6 Docket No. 238.] Defendant Andre Hendricks was found guilty following a jury trial of 21 U.S.C. §§

---

[1] Petitioner objected to the admission of the interrogatory responses from Dominic Cantalupo and Ken Behzadi. [Nov. 20, 2012 Tr. at 17; Docket No. 44, Exs. B-C.] Petitioner argued that the interrogatory responses were irrelevant to the issues raised by his "Claim L-12" for ineffective assistance of counsel because he only relied on Mr. Evan's advice and not that of his prior counsel. (*Id.*) The Court does not rely on either Mr. Catalupo's or Mr. Behzadi's interrogatory responses and thus **SUSTAINS** Petitioner's objection.

|   |   |   |
|---|---|---|
| 1 | | 846, 841(a), 841(b)(1)(A) and 18 U.S.C. § 2(a).  [CR 03-849-CBM-3 |
| 2 | | Docket Nos. 366, 367, 368.] |
| 3 | 4. | Defendants Charles Lett and Andre Hendricks were also deemed to be |
| 4 | | "principals" or non-minimal participants in the underlying criminal activity. |
| 5 | | (*See* Ex. 17; CR 03-849-CBM-3 Docket No. 369.) |
| 6 | 5. | None of Petitioner's co-defendants who pled guilty were charged with two |
| 7 | | final prior felony drug convictions.  (Exs. 13, 14, 15, 17.) |
| 8 | 6. | Defendant Timothy Holloway died on or about November 26, 2005 and was |
| 9 | | never sentenced.  [CR 03-849 Docket No. 312.] |
| 10 | 7. | Pursuant to her guilty plea and plea agreement, Defendant Donna McCaleb |
| 11 | | was found to have violated 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and |
| 12 | | 18 U.S.C. § 2(a) (punishment as a principal) (Count 1).  [CR 03-849 Docket |
| 13 | | No. 349.]  Ms. McCaleb was sentenced to 1 day of imprisonment and three |
| 14 | | years supervised release.  (*Id.*) |
| 15 | 8. | Pursuant to his guilty plea and plea agreement, Defendant Gerald Harris |
| 16 | | was found to have violated 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) |
| 17 | | (Count 1).  [CR 03-849 Docket No. 355.]  Mr. Harris was sentenced to 120 |
| 18 | | days imprisonment and 5 years supervised release.  (*Id.*) |
| 19 | 9. | Pursuant to his guilty plea, Defendant Charles Lett was found to have |
| 20 | | violated 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2(a) |
| 21 | | (punishment as a principal) (Count 1) and 21 U.S.C. § 841(c)(2) (Count 2). |
| 22 | | [CR 03-849 Docket No. 319.]  Mr. Lett was sentenced to concurrent terms |
| 23 | | of 120 months imprisonment and 5 years supervised release.  (*Id.*)  At Mr. |
| 24 | | Lett's sentencing, all remaining counts of the underlying indictment were |
| 25 | | dismissed on the Government's motion.  [CR 03-849-6 Docket No. 318.] |
| 26 | 10. | Assistant U.S. Attorney Janet C. Hudson was the attorney assigned to |
| 27 | | represent the United States from 2002 to 2010 in the investigation and |
| 28 | | prosecution of Petitioner in the underlying criminal matter *United States v.* |

*Marvin McCaleb*, CR 03-849 CBM. (Exhibits 1-2 (Declaration of Janet C. Hudson In Support of Government's Opposition to Defendant's Motion for Relief Pursuant to 28 U.S.C. § 2255; Government's Notice of Filing of Supplemental Declaration of Janet C. Hudson).)

11. At some time prior to January 25, 2005, Ms. Hudson sent a written cooperation plea agreement to Petitioner's attorney at the time, Dominic Cantalupo. This proposed agreement included an offer to dismiss the United States' 21 U.S.C. § 851 information charging Petitioner with two prior felony drug offense convictions. (Ex. 1 at ¶¶ 14-16, 27; Ex. 2 at ¶¶ 3-5, 9, 19.). In exchange for the dismissal, the proposed agreement required, in pertinent part, Petitioner "to cooperate fully with law enforcement, including responding truthfully and completely to all questions put to him." (Ex. 2 at ¶ 5(g)-(h).)

12. In the course of his cooperation, Petitioner attended two proffer sessions with Ms. Hudson and agents from the Drug Enforcement Administration. (Ex. 1 at ¶¶ 8-9.)

13. Following these two proffer sessions, however, Petitioner refused to meet or speak with officers from the Los Angeles Police Department at a third proffer session. (Ex. 1 at ¶¶ 11-15.)

14. Prior to March 7, 2005 when Michael Evans was substituted as Petitioner's attorney of record and trial counsel, Petitioner ceased cooperating with the government and the agreement was withdrawn. (*Id.*; CR-03-849 CBM-1 Docket No. 193)

15. No other cooperation plea agreement was offered and the Government did not otherwise offer to dismiss its 21 U.S.C. § 851 information charging Petitioner with two prior felony drug offense convictions. (Ex. 2 at ¶¶ 9, 13-18; Ex. 3 at ¶¶ 2, 6 (Supplemental Declaration of Former Counsel); Ex. 4 at ¶ 12 (Responses to Plaintiff's Propounded Interrogatories).)

16. Ms. Hudson declared that Petitioner "was the lead defendant in the case and I considered him the most culpable and most dangerous of the defendants. Any leniency I might have been inclined to show his co-defendants would not necessarily apply to him . . . . It was my belief that . . . [Petitioner] ordered his co-defendants not to plead guilty . . . . For this reason I was less inclined to penalize his co-defendants for their last-minute guilty pleas, but would have been very inclined to penalize [Petitioner] had he sought a last-minute plea deal." (Ex. 2 at ¶ 17.)

17. Ms. Hudson's declarations were admitted as her direct testimony for purposes of the evidentiary hearing and Petitioner neither objected nor cross-examined Ms. Hudson. (Nov. 1, 2012 Tr. at 1-2.)

18. Mr. Evans testified on November 20, 2012 that, consistent with his earlier responses to the Government's interrogatories, he advised Petitioner prior to trial that a conviction on Count 1 could result in a mandatory life sentence. (Nov. 20, 2012 Tr. at 39-40; Ex. 7.) Mr. Evans further testified that he advised Petitioner that he believed there was legal argument against the imposition of a mandatory life sentence but there was a risk that the argument would not be accepted by the Court. (Nov. 20, 2012 Tr. at 40-42.) The Court finds Mr. Evans' testimony to be credible.

19. Following a jury trial, on May 10, 2005 Petitioner was found guilty of violations of Count 1, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and Count 2, 21 U.S.C. § 841(c)(2). (*See* Docket Minutes, CR-03-849 CBM-1 Docket No. 368; Judgment and Probation/Commitment Order, CR-03-849 CBM-1 Docket No. 379.)

20. 21 U.S.C. § 841(b)(1)(A)(viii) provides that "If any person commits a violation of [21 U.S.C. § 841(b)(1)(A)]. . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release."

21. The Court imposed a life sentence on Petitioner for Count I for violations of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). [03-849 Docket No. 378, 379.] The Court sentenced Petitioner to 240 months for Count II for violations of 21 U.S.C. § 841(c)(2), to be served concurrently with his life sentence. (*Id.*)

## CONCLUSIONS OF LAW

22. In order to obtain relief under §2255, a petitioner must establish that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255.

23. In order to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate that, under all the circumstances: (1) his counsel's performance was deficient, falling below an objective standard of reasonableness; and (2) his counsel's deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Massaro v. United States*, 538 U.S. 500, 501 (2003) (finding that a defendant making a claim of ineffective assistance of counsel must show that "the counsel's actions were not supported by a reasonable strategy and that the error was prejudicial"). Petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. To show prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

24. Pursuant to 21 U.S.C. § 851, increases in sentence based upon prior felony drug convictions may not be imposed unless the United States Attorney first files a written information stating the prior convictions to be relied upon. *See* 21 U.S.C. § 851(a)(1). Once the Government, in its discretion, files the

|    |     |                                                                                               |
|----|-----|-----------------------------------------------------------------------------------------------|
| 1  |     | information, the sentencing court is then required to impose the enhanced                     |
| 2  |     | sentence "if the court determines, after hearing, that the person is subject to               |
| 3  |     | increased punishment by reason of two prior convictions." 21 U.S.C. §                         |
| 4  |     | 851(d)(1); *United States v. Jensen*, 425 F.3d 698, 707 (9th Cir. 2005).                      |
| 5  | 25. | The Court found that Petitioner was subject to the increased punishment of                    |
| 6  |     | a life sentence by reason of his two prior felony drug convictions. [CR-03-                   |
| 7  |     | 849 CBM-1 Docket Nos. 378, 379.]                                                              |
| 8  | 26. | In the absence of an offer from the Government to withdraw or dismiss its                     |
| 9  |     | 21 U.S.C. § 851 information charging Petitioner with two prior felony drug                    |
| 10 |     | convictions, 21 U.S.C. § 841(b)(1)(A)(viii) mandated a life sentence if                       |
| 11 |     | Petitioner were found guilty of Count 1, for violations of 21 U.S.C. §§ 846,                  |
| 12 |     | 841(a)(1), and 841(b)(1)(A), whether by plea or jury verdict.                                 |
| 13 | 27. | Petitioner has not shown that there is a reasonable probability that the result               |
| 14 |     | of the proceedings would have been different if Mr. Evans had advised                         |
| 15 |     | Petitioner that Petitioner could face a mandatory life sentence if convicted.                 |
| 16 |     | Accordingly, Petitioner has not met the standard for an ineffective                           |
| 17 |     | assistance of counsel claim.                                                                  |
| 18 | /// |                                                                                               |
| 19 | /// |                                                                                               |
| 20 | /// |                                                                                               |
| 21 | /// |                                                                                               |
| 22 | /// |                                                                                               |
| 23 | /// |                                                                                               |
| 24 | /// |                                                                                               |
| 25 | /// |                                                                                               |
| 26 | /// |                                                                                               |
| 27 | /// |                                                                                               |
| 28 | /// |                                                                                               |

# CONCLUSION

Based on the Court's Findings of Fact and Conclusions of Law, the Court **DENIES** Petitioner's 28 U.S.C. §2255 claim for ineffective assistance of counsel.

To the extent that any findings of fact constitute conclusions of law, they are adopted as such, and to the extent that the conclusions of law constitute findings of fact, they are adopted as such.

**IT IS SO ORDERED.**

: May 13, 2013

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE